JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Tuan Samahon

**DEFENDANTS**
Federal Bureau of Investigation
&
Department of Justice

**(b)** County of Residence of First Listed Plaintiff   Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington, DC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Beth Lyon, Esq.-PA Bar # 87230, Villanova School of Law-FLAC Clinic, 299 N. Spring Mill Road, Villanova, PA 19085-1516, (610) 519-3006

Attorneys *(If Known)*
U.S. Attorney for the Eastern District of Pennsylvania

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☒ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. 552
Brief description of cause:
F.O.I.A. claim; failure to release agency document

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE 8/21/2012
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Tuan Samahon, 299 N. Spring Mill Road, Villanova, PA 19085-1516__

Address of Defendant: __Federal Bureau of Investigation, 935 Pennsylvania Ave NW, Washington, D.C. 20535-0001__

Place of Accident, Incident or Transaction: __Washington, D.C.__
*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __F.O.I.A.__

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Beth Lyon, Esq.__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __8/21/2012__        *[signature]* Attorney-at-Law        PA Bar # __87230__
                                                                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/21/2012__        *[signature]* Attorney-at-Law        PA Bar # __87230__
                                                                 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

TUAN SAMAHON : CIVIL ACTION
v. :
FEDERAL BUREAU OF INVESTIGATION & :
DEPARTMENT OF JUSTICE : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| August 21, 2012 | Beth Lyon, Esq. /s/ Beth Lyon | Tuan Samahon |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 519-3006 | (610) 519-5173 | flac@law.villanova.edu |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUAN SAMAHON<br><br>c/o Villanova Law School<br>299 N. Spring Mill Rd.<br>Villanova, PA 19085-1516<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br><br>935 Pennsylvania Ave., NW<br>Washington, D.C. 20535-0001<br><br>AND<br><br>U.S. DEPARTMENT OF JUSTICE<br><br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530-0001<br><br>    Defendants. | Civil Action |

## COMPLAINT

Plaintiff Professor Tuan Samahon brings this Complaint under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., to compel the U.S. Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI) to disclose agency records that they improperly withheld. In support of this Complaint, Professor Samahon alleges the following:

## PARTIES

1.     Plaintiff Tuan Samahon is a citizen of the United States and a resident of the judicial district embraced by the U.S. District Court for the Eastern District of Pennsylvania. He is a tenured professor of law at Villanova Law School, Villanova, PA where he teaches and researches in the fields of constitutional law and federal courts. This litigation arises out of his legal historical research into Associate Justice Abe Fortas's resignation from the U.S. Supreme Court in 1969 and the causes for his untimely resignation, which include the apparent abuse of power by FBI Director J. Edgar Hoover and his associates. This case arises out of Professor Samahon's FOIA request for a 46-year-old document concerning the FBI's questionable encounter with Fortas in October 1966 (FOIA Request No. 1141747).

2.     Defendants DOJ and FBI are executive agencies of the U.S. government.

## JURISDICTION

3.     This Court has both subject matter and personal jurisdiction over this matter. 5 U.S.C. § 552(a)(4)(B).

4.     This Court also has jurisdiction over this subject matter pursuant to federal question jurisdiction. 28 U.S.C. § 1331. This Complaint arises under the laws of the United States and seeks to compel Defendants to produce agency records improperly withheld from Professor Samahon.

## VENUE

5.     The U.S. District Court for the Eastern District of Pennsylvania is a proper venue for this civil action pursuant to 5 U.S.C. § 552(a)(4)(B). Plaintiff resides in Lower Merion Township, Montgomery County, PA within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     Professor Samahon exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). In January 2010, he filed a FOIA request for an unredacted version of an FBI memorandum ("the DeLoach Memorandum").

7.     The DeLoach Memorandum, dated October 25, 1966, from Deputy Director Cartha D. DeLoach to Associate Director Clyde Tolson concerns the former's ex parte conversation with Justice Fortas on the subject of the Black v. United States case ("RE: CONVERSATION WITH JUSTICE FORTAS – [redacted] MATTER; BLACK CASE.").

2

8. Defendants did release a version of the DeLoach Memorandum, but redacted two fifteen-character segments. Defendants asserted a FOIA exemption under 5 U.S.C. § 552(b)(6), and alternatively under 5 U.S.C. § 552(b)(7)(C), over these two identical-length redactions to the DeLoach Memorandum.

9. Professor Samahon appealed this partial administrative denial to the Office of Information Policy, but Defendant DOJ denied his appeal on August 31, 2010 (Appeal No. 2010-2191).

10. During summer 2011, Professor Samahon mediated with the FBI under the auspices of the National Archives and Records Administration's Office of Government Information Services (OGIS Case No. 2011-00277). Ultimately, the FBI refused to release the two redactions but did state that the redactions were the name of a person. The mediator further conveyed that the FBI had said it "did not need to take any additional steps to verify [whether the individual redacted was still alive] because the fact was immediately known without consulting any other source."

### TIMELY COMMENCEMENT OF CIVIL ACTION

11. Professor Samahon timely commenced this civil action within the six-year statute of limitations. 28 U.S.C. § 2401(a).

### STATEMENT OF FACTS

12. This litigation results from Defendants' failure to release a 15-character redaction from an archived FBI document with potentially great historical significance.

13. In October 1966, the Supreme Court of the United States reheard the case of Black v. United States, 385 U.S. 26 (1966), which concerned FBI agents' use of electronic surveillance.

14. According to the DeLoach Memorandum, FBI Deputy Director Cartha DeLoach approached Justice Fortas to inquire *ex parte* about the Court's confidential deliberations in the pending case.

15. Justice Fortas was then a sitting Supreme Court justice who had moreover recused himself from participation in Black v. United States, 385 U.S. 26, 29 (1966).

16. Nonetheless, Justice Fortas complied with DeLoach's inquiry and leaked the Court's deliberations as reported in the DeLoach Memorandum.

17. DeLoach claims in his addendum to the DeLoach Memorandum that "Justice Fortas did not in any manner give me any information to which I was not entitled. *He did not violate ethics in any manner.*" (emphasis added).

18. In 1995, however, DeLoach published a memoir in which he discusses the DeLoach Memorandum, which he also authored. DeLoach explicitly contradicts the DeLoach Memorandum addendum's claim by stating that "[o]f course Fortas's involvement in [leaking information about Black v. United States] was *blatantly unethical.*" Cartha DeLoach, Hoover's FBI: The Inside Story by Hoover's Trusted Lieutenant 58 (1995) (emphasis added).

19. Further, DeLoach mentions that he and Fortas referenced prior discussions of "delicate matters" previously discussed by the two *immediately prior to the improper conversation about the Black case.* Id. at 54.

20. According to the DeLoach Memorandum, Fortas unethically complied with the DeLoach request. The paragraphs describing Fortas's ethical breach immediately follow a partially redacted conversation. Fortas "express[ed] appreciation for the information the Director had [DeLoach] furnish him" and "agreed with the Director that no further action need be taken at this time." The nature of the information shared is redacted in the DeLoach Memorandum.

21. On another occasion less than a year later, DeLoach met with Justice Fortas and repeated a very similar formulation in another memorandum to Clyde Tolson that information being shared with Fortas was "[p]ursuant to the Director's instructions" and that "the FBI was taking no further action." In that later instance, the released FBI documents reveal that DeLoach had shared the allegation that Justice Fortas had "balled" with a male prostitute. DeLoach again reported Fortas to have "expressed great appreciation for having been provided" with the information.

22. Here, the redacted reference in the DeLoach Memorandum does not appear in isolation, but beside an ostensible "request" for confidential information about a pending Supreme Court case concerning the FBI. The DeLoach Memorandum associates temporally the disclosure of redacted information in the first paragraph with a "request" for illicit information in the following paragraphs. This request may indicate an attempt at leveraging a vulnerable Justice Fortas to secure his compliance with a Hoover "request."

23. DeLoach spoke with influential high-ranking federal government officials at the direction of Director J. Edgar Hoover on several documented occasions. Often he shared personal information about them that would be embarrassing, if disclosed.

24. Congress held hearings regarding this intimidation in 1975. Retired FBI Special Agent Arthur Murtagh testified under oath before the U.S. House of Representatives that DeLoach bragged before a large group of special agents that this modus operandi was a calculated effort to keep public officials compliant with

4

Director Hoover's requests. See U.S. Intelligence Agencies and Activities: Domestic Intelligence Programs, Hearings Before the Select Committee on Intelligence, U.S. House of Representatives, 94th Cong. 1st Sess. 1067-68 (Nov. 18, 1075) ("The other night we picked up a situation where this Senator was seen drunk, in a hit-and-run accident, and some good-looking broad was with him.... We got the information, reported it in memorandum...[and] [b]y noon the next day the good Senator was aware that we had the information and we never had any trouble with him on appropriations since.").

25.    These types of requests followed a formula wherein it was indicated that DeLoach was speaking with the individual at the Director's instructions. He would tell the targeted official "no further action need be taken."

26.    The FBI redacted the 46-year-old document in the subject line and in the first paragraph. The mono-spaced Times Roman font indicates that these two redactions are each 15-characters long.

27.    The FBI asserts (b)(6) and (b)(7)(C) exemptions over the redactions, thereby revealing they obscure a name. Likely, the same-length redactions hide the same name, occurring twice, and not any other additional information.

28.    During the OGIS mediation, the Deputy Director of OGIS emailed that the "FBI did not need to verify that the individual or individuals whose name/names were redacted in the document were alive because that fact was immediately known without reference to any other source."

29.    Moreover, the FBI had previously told Professor Samahon that the redacted materials were names, but not any of the following deceased persons for whom Professor Samahon had provided obituaries, to wit, Carolyn Eugenia Agger (Fortas), Manuel F. Cohen, Abe Fortas, Milton Freeman, Elkin Gerbert, Lyndon Johnson, Norman Ostrow, Alex Rittmaster, or Louis Wolfson.

30.    Upon information and belief, there is no medical record information hidden by the 15-character redaction in the DeLoach Memorandum.

31.    Upon information and belief, there is no personnel file information hidden by the 15-character redaction in the DeLoach Memorandum.

32.    Upon information and belief, the information hidden by the 15-character redaction in the DeLoach Memorandum is neither "similar" to that information in a medical record nor "similar" to that information in a personnel file.

33.    In December 1989, the FBI previously disclosed the DeLoach Memorandum to author Alexander Charns and scholar Athan Theoharis pursuant to their FOIA requests and subsequent litigation. In their cases, the FBI dithered for years before turning over redacted copies of the documents. The FBI claimed exemption from

5

disclosure under (b)(7)(C), but did *not* claim any exemption under (b)(6). Charns did not seek release of the deleted materials.

34. Except for Justice Fortas, no other Supreme Court justice to date has resigned under duress arising from alleged ethical lapses. Therefore, this episode is of very great significance and instructional value for the public, including judges, lawyers, historians, law professors, and law students in securing this Country's commitment to the rule of law.

## CLAIM ONE—VIOLATION OF FOIA

35. Professor Samahon repeats paragraphs 1 through 34 and incorporates them by reference.

36. He has a statutory right to access the agency records he requested under FOIA. Defendants' failure to disclose the requested materials violates FOIA, 5 U.S.C. § 552 et seq.

37. Defendants have no lawful basis for withholding the requested records under 5 U.S.C. § 552(b)(6) or (b)(7)(C).

38. Defendants responded to Professor Samahon's FOIA request by simply claiming that the documents contained exempt materials. They, however, did not adequately justify and identify the reasons for concluding the asserted exemptions were applicable to the withheld information.

39. Defendants are irreparably harming Professor Samahon by failing to disclose the requested material and will continue to irreparably harm him unless the Court compels the agencies to conform to the FOIA statute.

## CLAIM TWO—VIOLATION OF ADMINSTRATIVE PROCEDURE ACT

40. Professor Samahon repeats paragraphs 1 through 34 and incorporates them by reference.

41. Defendants' failure to disclose the redacted materials to Professor Samahon constitute agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act. This failure is arbitrary, capricious, an abuse of discretion, not in accordance with the law, short of statutory right, without observance of procedure required by law, and unwarranted by the facts. 5 U.S.C. §§ 701-06.

## **REQUEST FOR RELIEF**

Professor Samahon requests the following relief against Defendants:

1.  A judgment determining or declaring that Defendants' failure to provide him with the requested document was unlawful;

2.  Injunctive relief requiring Defendants to promptly provide him with the release of the redactions on the document;

3.  All attorney's fees and costs incurred by him in connection with this proceeding as provided by 5 U.S.C. § 552(a)(4)(E); and

4.  Any and all other and further relief that this Court may deem appropriate.

Respectfully Submitted,

*[signature]*

Beth Lyon, Esq.
Counsel for Plaintiff
PA Bar No. 87230

Professor of Law
Villanova Law School
299 North Spring Mill Rd.
Villanova, PA 19085-1516
610-519-7126
610-519-5173 (fax)

b6
b7C

10/25/66

Mr. Tolson
Mr. DeLoach
Mr. ~~~~
Mr. ~~~~
Mr. Casper
Mr. Callahan
Mr. Conrad
Mr. Felt
Mr. Gale
Mr. R~~
Mr. ~~~~
Mr. ~~~~
Mr. Trotter
Tele. Room
Miss Holmes
Miss Gandy

MR. TOLSON:

RE: CONVERSATION WITH JUSTICE FORTAS -
    ▮▮▮▮▮▮▮▮▮▮▮▮ MATTER;
    BLACK CASE

For record purposes, Justice Fortas called at 10:30 this morning to express appreciation for the information the Director had me furnish him concerning the ▮▮▮▮▮▮▮▮▮▮▮▮ matter. Justice Fortas advised he agreed with the Director that no further action need be taken at this time. He stated he would get in touch with us in the event further inquiries should be made.

*WIRETAPPING*

While talking with Justice Fortas, I told him that perhaps he might consider the question I was about to ask a little off base; however, we were somewhat concerned about the Black case. I asked him if he knew when a decision would be handed down. He replied that there would be a decision probably on Monday a week (11/7/66). I asked him if we should prepare for the worst, inasmuch as he had previously advised me that the court was considering issuing a sweeping proclamation denouncing the use of electronic devices. He told me the court's thinking had changed somewhat concerning this matter.

I asked him what he meant. He stated the court's decision would not be definitive. I asked him what he meant by that. He stated the court actually felt that the Black case and its various problems (meaning the microphone) should not be handled at Supreme Court level. I thanked the Justice for his information. It would seem that Justice Fortas undoubtedly meant that the Black case was to be remanded to the lower court.

Pursuant to the Director's instructions, we are checking immediately to find out the identity of the judge who handled this matter in the lower court. A memorandum will be sent through on him just as soon as his identity is ascertained.

62-12114
NOT RECORDED
124 OCT 31 1966

Respectfully,

6 OCT 31 1966

C. D. DeLoach

CDD:CSH
cc Mr. DeLoach
   Mr. Gale

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE ▮▮▮▮▮▮▮▮▮▮

ADDENDUM

It should be clearly stated that Justice Fortas did not in any manner give me any information to which I was not entitled. He did not violate ethics in any manner. The above supposition --- and that is all it is --- was strictly on my part. On the few occasions that I have interviewed Justice Fortas, he has never furnished me "any inside information." Neither have I asked for such information. This memorandum was written merely because of the Director's interest in the Black case. This memorandum is naturally an "informal" type memorandum and the contents should be maintained in strict confidence.

- 2 -

| | Mr. Tolson _____ |
|---|---|
| | Mr. DeLoach _____ |
| | Mr. Mohr _____ |
| | Mr. Wick _____ |
| | Mr. Casper _____ |
| | Mr. Callahan _____ |
| July 24, 1967 | Mr. Conrad _____ |
| | Mr. Felt _____ |
| | Mr. Gale _____ |
| MR. TOLSON: | Mr. Rosen _____ |
| | Mr. Sullivan _____ |
| | Mr. Tavel _____ |
| | Mr. Trotter _____ |
| | Tele. Room _____ |
| | Miss Holmes _____ |
| | Miss Gandy _____ |

Pursuant to the Director's instructions, I saw Justice Fortas at his home at 5:10 p.m. on 7/24/67. I told him we had received an allegation from a source of information reflecting participation in homosexual activities on his part. I stated that the Director wanted this matter discreetly and informally brought to his attention so that he would be aware of such an allegation. I mentioned that the FBI was taking no further action in connection with this matter and that the fact that the Director was making this available to him was strictly for his own personal protection and knowledge.

Justice Fortas was handed the attached memorandum so that he could read it personally. After reading this memorandum, he told me that the charges were ridiculous and absolutely false. He stated he had never committed a homosexual act in his life and while he might be properly accused of normal sexual relations while a young man and during his married life, he most certainly had never committed homosexual acts at any time.

X    With respect to the arrest record of one William Norris Bartlett, who has been arrested on three different occasions by the Metropolitan Police for homosexual activity, Justice Fortas told me he wasn't surprised to learn of this inasmuch as he and the other partners of his former law firm always felt a little suspicious toward Bartlett. Bartlett is the office manager of this law firm and has served in this capacity for the past five years. He supervises the work of approximately 50 female employees. Justice Fortas stated that he and Attorneys Porter and Arnold, in the past, have noted that Bartlett seems to be somewhat effeminate and that he never tried to date the girls in the office. While not making any commitment, Justice Fortas stated that Bartlett's arrest record could certainly prove most embarrassing to the law firm and that something would have to be done about the situation.

Justice Fortas expressed great appreciation for having been provided with the above facts. He asked that his thanks be extended to the Director for having handled the matter in this manner. There followed a brief discussion concerning the racial situation in Detroit inasmuch as Justice Fortas has been at the White House all day at the President's request, working on this matter.

Respectfully,

C. D. DeLOACH

Enclosure
CDD:bmm